IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

EULA HENDERSON                                                                   PLAINTIFF

v.                                           NO.  3:06cv00108 JWC

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                                          DEFENDANT

ORDER

Plaintiff has filed a motion for attorney's fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (doc. 15).  She seeks an EAJA award for work done by her attorney at the district court level (10.45 hours in 2006 at an hourly rate of $162.00 and .5 hour in 2007 at an hourly rate of $167.00), and work done by paralegal assistants (5 hours at an hourly rate of $75.00), for a total fee award of $2,151.40.  Additionally, she seeks reimbursement of expenses in the amount of $13.95.

Under the EAJA, a prevailing social security claimant is entitled to an award of reasonable attorney's fees and expenses unless the Commissioner's position in denying benefits was "substantially justified" or special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  A claimant who wins a sentence-four remand order, such as Plaintiff did in this case (doc. 13, 14), is a prevailing party entitled to EAJA fees.  *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).  The Commissioner does not contest Plaintiff's entitlement to an award of attorney's fees and expenses under the EAJA, nor does he object to the amount requested (doc. 18).

The EAJA provides that attorney fees "shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A)(ii).  *See Pierce v. Underwood*, 487 U.S. 552, 571 (1988).  The increased rates requested by Plaintiff reflect an agreement between

Plaintiff's counsel and the Office of General Counsel, Region VI, Social Security Administration, to calculate attorney's fees on an annualized basis using the mid-year Consumer Price Index for all Urban Consumers (CPI-U) (doc. 16-2, at 1-2). Plaintiff submits the applicable CPI-U figures to support the increased rates (doc. 16-2, at 11).

Additionally, a prevailing party that satisfies EAJA's other requirements may recover its paralegal fees from the government at prevailing market rates. *Richlin Security Service v. Chertoff*, 128 U.S. 2007, 2019 (2008). Plaintiff submits affidavits to establish $75.00 an hour as the prevailing market rate for paralegal work (doc. 16-2, at 8-10).

No objection is made to the number of attorney or paralegal hours requested or to the amount of expenses, and counsel's itemization demonstrates that they were reasonably expended in representation of Plaintiff.

Therefore, the Court will approve the total requested fees for attorney work (10.45 hours at $162.00 per hour and .5 hour at $167.00 per hour) and paralegal work (5 hours at $75.00 per hour), for a fee award of $2,151.40. Additionally, the Court will approve the requested expenses in the amount of $13.95.

The Commissioner contends that the fee award should be made payable to Plaintiff, as the prevailing party. This argument is foreclosed by the Eighth Circuit's recent decision in *Ratliff v. Astrue*, No. 07-2317, 2008 WL 4093013, *2 (8th Cir. Sept. 5, 2008), holding that EAJA fees are awarded to the prevailing party's attorney.

Accordingly, it is hereby ORDERED

(1) That Plaintiff's motion for attorney's fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (doc. 15) is granted;

(2) That Plaintiff is entitled to an award of attorney's fees in the amount of $2,151.40, together with expenses of $13.95, for a total of $2,165.35, all pursuant to the EAJA; and

(3) That the Commissioner is directed to certify and pay to Anthony Bartels,

attorney for Plaintiff, the amount awarded pursuant to the EAJA.

    IT IS SO ORDERED this 30th day of September, 2008.

                                                                                   _____
                                                                                UNITED STATES MAGISTRATE JUDGE